# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE DENISE BROWN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:17-cv-01001-EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding her applications for Supplemental Security Income and Social Security Disability Insurance. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 7, 8).

At the hearing on October 24, 2018, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

Plaintiff challenges that the Administrative Law Judge ("ALJ") erred by (1) rejecting Plaintiff's testimony regarding necessary breaks from sitting; and (2) failing to find that

Plaintiff's mental impairments were severe.

The ALJ included the following limitation in the RFC: "She requires the freedom to alternate between sitting and standing every 45 minutes in order to stretch for 30 to 60 seconds." (AR 23). In explaining the basis for this limitation, the ALJ stated, "In deference to the claimant's credible testimony, the undersigned finds that it is reasonable to permit the claimant the freedom to stretch for up to 60 seconds after 45 minutes of sitting." (AR 25).

The ALJ did not provide a citation for the part of Plaintiff's testimony underlying this limitation, but it appears that the Plaintiff discussed this issue at the hearing as follows:

> Q: Well, after sitting for 45 minutes and that [i.e., cramp in her back and hip] starts to happen, what do you do?
>
> A: I stand a little bit and then I walk around a little bit until it starts to hurt my feet and my ankles and my knees.
>
> Q: Okay. How long do you stand?
>
> A: Probably—probably 30, 25, 30 minutes maybe, I'm mostly laying around the house and couch.

(AR 46). Additionally, Plaintiff testified:

> Q: How would you describe a typical day if it's –if it's a bad day?
>
> A: It would—on a bad day, I'd just be sitting down and getting up, sitting down when I have pain, sitting down, then I'd get up go to the bathroom or get a drink of water and then I'll sit down again.
>
> Q: So, it's kind of up and down all day?
>
> A: It's just up and down, trying to rotate the hip or the back or my feet.

(AR 55).

Based on this testimony, Plaintiff argues that the ALJ failed to give clear and convincing reasons for discrediting Plaintiff's testimony that she required an opportunity to walk—not just stand and stretch. Plaintiff also argues that the ALJ's opinion is internally inconsistent in that it explained that Plaintiff required 60 seconds to stretch, while the RFC's limitation refers to an opportunity to stretch "30 to 60 seconds."

2

Defendant counters that there is substantial evidence for the ALJ's RFC. It claims that the inconsistency between 60, and 30-60 seconds is immaterial. It also argues that other evidence supported the limitation. During oral argument, defense counsel pointed to the opinion of Vanessa Dowd as supporting the ALJ's opinion, as explained by the ALJ in her opinion at page 25 of the record. However, Plaintiff's counsel pointed out that Ms. Dowd gave the opinion that Plaintiff would need an unscheduled break every hour for 15 minutes. (AR 1094). This opinion was thus more restrictive than Plaintiff's testimony on the issue of her need for substantial periodic breaks. (AR 25). The ALJ did not discuss this part of Ms. Dowd's opinion in the ALJ's decision. However, while the ALJ gave little weight to Dowd's opinion about Plaintiff's ability to remain on task and complete an eight-hour day, the ALJ credited Ms. Dowd's physical limitations, stating "[t]he undersigned finds that the physical restrictions that Ms. Dowd assigned are not totally at odds with the objective treatment record. They are generally in accord with the claimant's description of her physical capabilities at the hearing." (AR 25).

Defendant also argues that the ALJ's decision was consistent with Plaintiff's testimony, citing the same portions of the testimony cited above.

The Court finds that the ALJ's limitation in the RFC that Plaintiff be permitted to stand every 45 minutes "in order to stretch for 30 to 60 seconds," is not supported by substantial evidence in the record. As the ALJ failed to give any reason to discredit Plaintiff's testimony on this point, and indeed said that she was making this limitation "in deference to the claimant's credible testimony," the issue is whether the limitation as given is a fair reflection of the limitations described by Plaintiff. The Court finds that it is not. Although the testimony was inexact in terms of precise amount of time, Plaintiff clearly stated that she needed to walk after a long period of sitting. Once, she stated that she needed to "walk around a little bit," and elsewhere, that she needed to "get up go to the bathroom or get a drink of water." The requirement of walking a bit is not the same as stretching for 30 to 60 seconds.

This is not to say that the difference is material. Such a determination should be made by a vocational expert—not this Court. The Court notes that the vocational expert gave an opinion based on the RFC of having "30 to 60 seconds to stretch." (AR 66). The vocational expert did

3

not give an opinion on what effect, if any, a limitation that included walking for a bit[1] would have on available jobs.  The Court will remand for consideration of such an opinion.

Turning to the second issue, the Court finds substantial evidence supports the ALJ's finding that "[t]he claimant's medically determinable mental impairments of mood disorder and generalized anxiety disorder do not cause more than minimal limitation in the claimant's ability to perform mental work activities and are therefore nonsevere." (AR 22).  The ALJ explained her decision at some length, including reviewing the medical opinion of Doctor Covey, noting Plaintiff's failure to receive care from a mental health specialist, looking to treatment notes that reported Plaintiff's mood was stable, and pointing to statements in the record that Plaintiff's mental health had improved.  (AR 22).  These bases are supported by the record.

The Court also notes that Plaintiff herself did not include any mental impairment among the reasons she could not work.  (AR 45).

Accordingly, the decision of the ALJ is REVERSED, and the matter is REMANDED for further administrative proceedings consistent with this opinion, including specifically consideration of limitations consistent with Plaintiff's testimony regarding her need to walk around a little bit after 45 minutes of sitting as described above.

IT IS SO ORDERED.

Dated:   **October 24, 2018**                    /s/ Eric P. Grojean
                                                 UNITED STATES MAGISTRATE JUDGE

---

[1] The Court will leave to the ALJ to translate Plaintiff's testimony regarding "walking a bit" into specific limitations suitable for a vocational examiner's opinion.

4